Aaron D Aftergood
**The Aftergood Law Firm**
1880 Century Park East Suite 200
Los Angeles, CA 90067
310-551-5221
Fax: 310-496-2840
Email: aaron@aftergoodesq.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*

*Attorneys for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD NAKAI,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CHARTER COMMUNICATIONS, INC.**, d/b/a **SPECTRUM**, a Delaware corporation,<br><br>Defendant. | Case No.<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Richard Nakai ("Nakai" or "Plaintiff") brings this Class Action Complaint against Defendant Charter Communications, Inc. d/b/a Spectrum ("Spectrum" or "Defendant") to: (1) stop Defendant's practice of placing calls using

1

an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees.

2. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, et seq. prohibit companies, such as Defendant, from placing calls using an ATDS ("autodialed calls") and/or using "an artificial or prerecorded voice" ("prerecorded calls") to telephones without first obtaining consent. Spectrum has violated, and continues to violate, the TCPA and its regulations by placing autodialed and/or prerecorded calls to telephone subscribers who have not expressly consented to receiving such calls and/or who have expressly requested not to receive such calls.

4. In an effort to obtain leads for its services, Spectrum made (or directed to be made on its behalf) autodialed and/or prerecorded calls to the telephones of Plaintiff and other members of the putative class without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

## PARTIES

7. Plaintiff Nakai is a natural person over the age of eighteen (18) and a citizen of the State of California. Plaintiff resides in Long Beach, Los Angeles County.

8. Defendant Charter Communications Inc. d/b/a Spectrum is a corporation organized in and existing under the laws of the State of Delaware, with its principal place of business located at 400 Atlantic Street, 10th Floor, Stamford, CT 06901.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

10. This Court has personal jurisdiction over Spectrum because it solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

12. Defendant Spectrum is a telecommunications and wireless services company that provides internet, cable television, and home phone services to consumers and businesses. Spectrum claims to have more than 28 million residential and business customers, and it offers services to consumers in 41 states, including California.

13. Unfortunately for consumers, Spectrum casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its financial products Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed and/or pre-recorded calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

14. To make matters worse, Defendant places these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

15. Finally, despite consumers' attempts to opt out of future calls, Defendant continues to call them.

16. At no time did Defendant obtain prior express consent from the Plaintiff and the Class orally or in writing to receive prerecorded calls.

17. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

18. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

19. Plaintiff Nakai is the subscriber to and customary user of a personal cellular telephone number ending in 6756.

20. On July 9, 2019, at 10:29am, Plaintiff received a call from (844) 207-1543. Because he did not recognize the phone number, Plaintiff did not answer the call.

21. The next day, on July 11, 2019, at 6:06pm, Plaintiff received another call from (844) 207-1543. The call lasted approximately 11 seconds.

22. Several days later, on July 15, 2019, at 9:07am, Plaintiff received a third call from (844) 207-1543. When he answered the call, Plaintiff Nakai was greeted with a voice-activated prerecorded message system, and a recording of a

5

representative named "Michelle." On information and belief, the phone call was an "avatar" call, in which Plaintiff was presented with different audio recordings of an individual as he responded to and asked questions.

23. The recording first asked Plaintiff what company he used for cable TV and internet, and Plaintiff responded that he did not have any such services. Nakai then asked if the company calling had a website, at which point the recorded voice directed Plaintiff to Spectrum.com, while noting that Nakai could receive a better deal over the phone than would be available on the website.

24. Because Plaintiff had to return to work, he asked to be sent an email, and the voice replied that he could not. Plaintiff then asked for a direct phone number to call "Michelle" back, and his request was refused, but the recording stated that Plaintiff could call another Spectrum phone line, (888) 892-2253. Finally, Plaintiff asked for Michelle's last name, and the voice refused to provide it.

25. Plaintiff Nakai received additional calls from Spectrum on July 16, 2019 and July 20, 2019 from the phone number (844) 207-1543 despite never consenting either orally or in writing to receive prerecorded and/or autodialed calls from Spectrum or any of its affiliates or agents.

26. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to him or offer him its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant to place prerecorded and/or autodialed calls to him and has no business relationship with Defendant.

27. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

28. By making unauthorized prerecorded and/or autodialed calls as alleged herein, Spectrum has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

29. To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

> All persons in the United States who (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of selling Defendant's products and services; (4) using the same pre-recorded voice technology that was used to call Plaintiff; and (4) for whom Defendant claims it obtained

7

prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

31. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

32. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

33. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

34. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

35. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

8

Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

    (c)    Whether Defendant made the calls with the use of an ATDS or a pre-recorded voice message; and

    (d)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36.    **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

# CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the Class)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Defendant made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express written consent—in an effort to generate leads for Spectrum's products and services.

39. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

40. Defendant made the calls using a pre-recorded voice or similar technology. Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

41. By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-Recorded Message Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Richard Nakai, on behalf of himself and the class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Nakai as the representative of the Class and appointing his counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: September 13, 2019

**RICHARD NAKAI**, individually and on behalf of all others similarly situated,

By: /s/ Aaron D. Aftergood
    One of Plaintiff's Attorneys

Aaron D Aftergood
**The Aftergood Law Firm**
1880 Century Park East Suite 200
Los Angeles, CA 90067
310-551-5221
Fax: 310-496-2840
Email: aaron@aftergoodesq.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice application to be filed*