Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

*Counsel for Defendant Charter Communications, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD NAKAI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC, d/b/a SPECTRUM, a Delaware corporation,<br><br>Defendant. | Case No: 2:19-cv-08035-GW-SS<br><br>Hon. George H. Wu<br><br>Compl. Filed: September 17, 2019<br><br>**DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Charter Communications, Inc. ("Charter" or "Defendant") hereby submits its Answer to Plaintiff Richard Nakai's ("Plaintiff") Class Action Complaint ("Complaint") [D.E. 1], as follows:

## CLASS ACTION COMPLAINT[1]

1. Charter admits that Plaintiff purports to bring this action on behalf of himself and all others similarly situated as alleged members of the class described in paragraph 30 under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which speaks for itself. Except as expressly admitted herein, Charter denies the remaining allegations in paragraph 1.

2. Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. The allegations in paragraph 3 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required. To the extent a response is required, Charter admits that the allegations refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and its implementing regulations, which speaks for themselves. Charter denies the remaining allegations in paragraph 3 and explicitly denies any wrongdoing.

4. Charter denies the allegations in paragraph 4.

5. The allegations in paragraph 5 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required. To the extent a response is required, Charter admits that the allegations refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which speaks for itself. Charter denies the remaining allegations in paragraph 5 and explicitly denies any

---

[1] For the Court's convenience, Charter has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Charter does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Charter waive any right to object to those characterizations.

wrongdoing.

6. Charter denies the allegations in paragraph 6.

## PARTIES

7. Charter is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 7 and therefore denies them.

8. Charter admits that it is a Delaware corporation and its principal office is located at 400 Atlantic Street, Stamford, Connecticut 06901. Except as expressly admitted herein, Charter denies the remaining allegations in paragraph 8.

## JURISDICTION & VENUE

9. The jurisdictional allegations in paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 9 and denies that this Court has subject matter jurisdiction over this action because Plaintiff lacks Article III standing.

10. The jurisdictional allegations in paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 10, including that it engaged in any tortious conduct, that it made the call(s) at issue in this lawsuit, and that this Court has personal jurisdiction over Charter.

11. The jurisdictional allegations in paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, Charter denies the allegations in paragraph 11, including that it engaged in any tortious conduct and that venue is proper.

## COMMON ALLEGATIONS OF FACT

12. Charter denies that it sells any television services, internet services, or telephone services, but admits that its subsidiaries and affiliated companies offer such services in many states throughout the United States. Except as expressly admitted herein, Charter denies the remaining allegations in paragraph 12.

13. Charter denies the allegations in paragraph 13.

14. Charter denies the allegations in paragraph 14.
15. Charter denies the allegations in paragraph 15.
16. Charter denies the allegations in paragraph 16.
17. Charter denies the allegations in paragraph 17.
18. Charter denies the allegations in paragraph 18.

## **FACTS SPECIFIC TO PLAINTIFF**

19. Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.[2]

20. Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. Charter denies the allegations in paragraph 22.
23. Charter denies the allegations in paragraph 23.
24. Charter denies the allegations in paragraph 24.
25. Charter denies the allegations in paragraph 25.
26. Charter denies the allegations in paragraph 26.
27. Charter denies the allegations in paragraph 27.
28. Charter denies the allegations in paragraph 28.

29. Charter admits that Plaintiff purports to have filed this action on behalf of himself and all others similarly situated as an alleged member of the class described in paragraph 30. Charter denies the remaining allegations in paragraph 29, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

---

[2] Plaintiff has not disclosed his purported phone number in the Complaint, making it difficult or impossible to answer many of the allegations in the Complaint.

**CLASS ACTION ALLEGATIONS**

30.　Charter admits that Plaintiff purports to have filed this action on behalf of himself and all others similarly situated as an alleged member of the class described in paragraph 30. Charter denies the remaining allegations in paragraph 30.

31.　Charter admits that Plaintiff proposes an alleged class which is described in paragraph 30, excluding the persons described in paragraph 31. Charter denies the remaining allegations in paragraph 31.

32.　Charter denies the allegations in paragraph 32.

33.　Charter denies the allegations in paragraph 33.

34.　Charter is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.　Charter denies the allegations in paragraph 35, including subparagraphs a through d.

36.　Charter denies the allegations in paragraph 36.

**CAUSE OF ACTION**

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

**(On behalf of Plaintiff and the Class)**

37.　Charter incorporates its responses to paragraphs 1-36 as if fully set forth herein.

38.　Charter denies the allegations in paragraph 38.

39.　Charter denies the allegations in paragraph 39.

40.　Charter denies the allegations in paragraph 40.

41.　Charter denies the allegations in paragraph 41.

42.　Charter denies the allegations in paragraph 42, and specifically denies that Plaintiff (or the purported class) are entitled to any relief whatsoever.

43.　Charter denies the allegations in paragraph 43, and specifically denies

that Plaintiff (or the purported class) are entitled to any relief whatsoever.

## PRAYER FOR RELIEF

Charter denies the allegations in Plaintiff's unnumbered "Prayer for Relief," including each and every allegation in the subparagraphs spanning pages 11 through 12, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## JURY DEMAND

Charter denies that any of the allegations set forth in the Complaint allege triable issues against Charter.

## GENERAL DENIAL

Charter denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Charter hereby asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Charter does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Charter.  For example, Plaintiff fails to show that any calls allegedly received were those for "which the called party is charged" as required by the TCPA.

### SECOND AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class)

basis, depriving the Court of jurisdiction over such claims, and rendering venue in this Court improper.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction and Improper Venue)

Plaintiff and the putative class members are barred from asserting claims in this jurisdiction because this Court lacks personal jurisdiction over Charter and because venue is improper in this Court (including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773 (2017)).

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FIFTH AFFIRMATIVE DEFENSE

### (No Use of an "Automatic Telephone Dialing System")

The TCPA claim is barred because neither Charter nor any of its vendors used an "automatic telephone dialing system" as defined in the TCPA. Indeed, neither Charter nor its vendors used a telephone dialing system with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1). Nor did they use a telephone dialing system with the capacity to dial numbers automatically, which is an essential element of an "automatic telephone dialing system" pursuant to *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example,

Plaintiff cannot assert claims under the TCPA against Charter to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (No "Pre-recorded" or "Artificial" Voice)

The TCPA claim is barred to the extent a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play on the alleged calls.

## NINTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Charter did not engage in knowing or willful misconduct. For example, Charter does not knowingly or willfully employ an "automatic telephone dialing system."

## TENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Charter did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third-parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Charter because any harm allegedly

caused by the alleged calls at issue are not fairly traceable to any violation allegedly committed by Charter, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

## TWELFTH AFFIRMATIVE DEFENSE
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Charter cannot be held vicarious liable. Further, Charter did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and Charter did not approve of that conduct. As such, Charter cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
**(First Amendment)**

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

//
//
//

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Charter, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiffs are excessive.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No "Call")**

Charter did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227 (b)(1)(A).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Charge)**

Plaintiff was not "charged for the call" with respect to the alleged calls at issue in this lawsuit, as that term is used in the TCPA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Charter from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance with Laws)**

Charter is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

//

//

//

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because Charter has established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

Any and claims brought in the Complaint are barred because Charter possessed a good faith belief that it was not committing any wrongdoing

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Charter hereby gives notice that in the event that this Court certifies a class, which Charter denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

//

//

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Reservation of Right to Assert Further Defenses)**

Charter has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Charter reserves the right to amend its Answer to assert any such defense.

## Prayer for Relief

WHEREFORE, Charter prays for judgment as follows:

1. That Plaintiff take nothing from Charter by reason of this Complaint and that judgment be entered in favor of Charter;
2. For dismissal of the Complaint with prejudice;
3. That the Court award Charter costs and reasonable attorneys' fees;
4. For such other relief as the Court deems just and proper.

KABAT CHAPMAN & OZMER LLP

DATED: January 2, 2020

By: /s/ Kristapor Vartanian
_____
Kristapor Vartanian
*Attorneys for Defendant Charter Communications, Inc.*

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

I am employed in Los Angeles, California; I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue, Suite 2225, Los Angeles, CA 90071.

On January 2, 2020, I served the foregoing document(s) described as **DEFENDANT CHARTER COMMUNICATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Atlanta, Georgia.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on January 2, 2020, at Los Angeles, CA.

By: /s/ Kristapor Vartanian

_____
Kristapor Vartanian

## SERVICE LIST

Aaron D. Aftergood
The Aftergood Law Firm
1880 Century Park East, Suite 200
Los Angeles, CA 90067
aaron@aftergoodesq.com

Steven L. Woodrow
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
swoodrow@woodrowpeluso.com