**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

*Attorneys for Plaintiff and the Putative Class*

Kristapor Vartanian (SBN 275378)
kvartanian@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Avenue, Ste. 2225
Los Angeles, CA 90071
Tel.: (213) 493-3980
Facsimile: (404) 400-7333

*Attorneys for Defendant*

[Additional counsel appearing on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard Nakai**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**Charter Communications, Inc.**, a Delaware corporation,<br><br>*Defendant.* | No. 2:19-cv-08035-GW-SS<br><br>**STIPULATION FOR EXTENSION OF TIME FOR PLAINTIFF TO MOVE FOR CLASS CERTIFICATION** |

1. Plaintiff filed the instant Class Action against Defendant on September 17, 2019.

2. Defendant was served with Plaintiff's Complaint on November 12, 2019. Defendant's deadline to answer or otherwise respond to the Complaint was extended to January 2, 2020 via stipulation. (Dkt. 14.)

3. Under Local Rule 23-3, Plaintiff must move for class certification within ninety (90) days after serving the Complaint. *See Rocha v. Toshinoya West, Inc.*, No. CV 06–00487, 2007 WL 8398819, *1 (C.D. Cal. Jan. 8, 2007) ("Plaintiffs filed this action on January 25, 2006 and served defendants with summons and complaint on April 7, 2006. Under Local Rule 23-3, they were required to file a motion for class certification within 90 days after serving the complaint, i.e., by July 7, 2006."); *Fournier v. Creditors Interchange Receivable Management LLC*, No. CV 10–3220, 2011 WL 976383, *1 (C.D. Cal. Mar. 16, 2011) ("Defendant was served with the Complaint on May 7, 2010. [ ] On that day, the ninety-day filing requirement for a motion for class certification under Local Rule 23-3 began running").

4. Thus, Plaintiff's deadline for moving for class certification is currently February 10, 2020.

5. The deadline may be moved by Order of the Court. *See* L.R. 23-3.

6. No discovery has begun in the case, which Plaintiff will require to sufficiently file a Motion for Class Certification. Indeed, Defendant only Answered the Complaint on January 2, 2020, which was just over a month before the current Local Rule 23-3 deadline. Thus, the Parties stipulate that the Court vacate and continue the deadline for Plaintiff to move for class certification at this time. When the Parties file a Case Management Statement on January 30, 2020 (in accordance with the Court's January 6, 2020 Minute Order), the Parties will first confer and each set forth an appropriate schedule tailored to this case, including new proposed deadlines for a period of class discovery and the filing and briefing of a motion for class certification.

7. Moreover, Local Rule 23-3 was amended as of December 1, 2019. Under the amended rule (which governs cases filed on or after December 1, 2019), the ninety-day requirement has been removed.

1  WHEREFORE, Plaintiff respectfully requests that the Court enter an Order
2 vacating the current class certification deadline, with a new date to be established
3 after the Parties submit their Case Management Statement.

Dated: January 14, 2020　　　　　**WOODROW & PELUSO, LLC**

　　　　　　　　　　　　　　　　　/s/ *Steven L. Woodrow*

　　　　　　　　　　　　　　　　　STEVEN L. WOODROW

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

Dated: January 14, 2020　　　　　**KABAT CHAPMAN & OZMER LLP**

　　　　　　　　　　　　　　　　　/s/ *Kristapor Vartanian*

　　　　　　　　　　　　　　　　　KRISTAPOR VARTANIAN

　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served the above and foregoing papers to be served on all counsel of record on January 14, 2020 by filing such papers with the Court using the Court's electronic filing system.

/s/ *Steven L. Woodrow*