Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Telephone: (720) 213-0676

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the alleged Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD NAKAI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:16-cv-02331-JGB-KK<br><br>Scheduling Conference:<br>Date: February 10, 2020<br>Time: 8:30 a.m. |

# JOINT RULE 26(f) REPORT

Plaintiff Richard Nakai ("Plaintiff" or "Nakai") and Defendant Charter Communications, Inc. ("Defendant" or "Charter") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's standing order.

**1. Statement of the Case**

Plaintiff's Position:  The facts are straightforward. Plaintiff alleges that he received unsolicited telemarketing calls placed to his personal cellular telephone by or on the behalf of Defendant on July 9, 2019, July 11, 2019, July 15, 2019, July 16, 2019, and July 20, 2019. Plaintiff denies ever providing his prior express consent to receive the calls and denies ever having a relationship with Defendant. Plaintiff's First Amended Complaint alleges that the calls were placed using an automatic telephone dialing system and without prior express consent, in violation of the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA" or the "Act."). Plaintiff brings this case as an alleged Class action on behalf of himself and all others similarly situated.

Plaintiff denies that the declarations provided informally by Defendant establish that the dialing system used to call him is not an ATDS as a matter of law. Discovery is needed into the specifics of the dialer's capabilities and capacity.

Defendant's Position:

Plaintiff alleges that Charter called him with an automatic telephone dialing system ("ATDS").  On this basis, Plaintiff asserts a TCPA claim against Charter, and seeks to represent other unnamed persons who allegedly received similar calls.  While Charter has multiple defenses to Plaintiff's claims, the most straightforward is that Charter's vendors (who made the calls at issue) did not use an ATDS to call Plaintiff.

Notably, Plaintiff's initial complaint alleged that Charter called Plaintiff using an "avatar" pre-recorded message ("PRV") from a "voice-activated" representative named "Michelle."  (Compl. ¶¶ 22-23.)  Based on that allegation, Plaintiff proposed a purported class of persons who Charter called "using the same pre-recorded voice technology." (*Id.* ¶ 30.)  Plaintiff also made a passing

2

JOINT RULE 26(F) REPORT

reference to Charter using an ATDS. (*Id.* ¶ 17.) Shortly after receipt of the Complaint, the undersigned defense counsel provided Plaintiff's counsel with clear evidence (including declarations from Charter's vendors) showing that Plaintiff's allegations were plainly false. That is: (1) Charter's vendors do not leave PRV messages and Plaintiff's purported conversation with an "avatar" was actually a conversation with a live agent named "Michelle," during which call Plaintiff requested a call back—a fact he omitted from the Complaint; and (2) Charter's vendors did not use an ATDS, much less under the controlling definition in *Marks v. Crunch San Diego, LLC*, 905 F.3d 1041 (9th Cir. 2018), as the systems used here require a live agent to manually initiate each call, one by one. *Id.* at 1052 (holding an ATDS must be able to "<u>dial</u> such numbers <u>automatically</u>") (emphasis added); *Ammons v. Diversified Adjustment Serv. Inc.*, No. 2:18-CV-06489, 2019 WL 5064840, at *5 (C.D. Cal. Oct. 9, 2019) (applying *Marks* and holding click-to-dial system is not considered an ATDS under *Marks*, as such a system "goes far beyond merely triggering a system to run automatically. It requires human interaction to initiate each call."); *see also Glasser v. Hilton Grand Vacations Co.*, LLC, -- F.3d --, 2020 WL 415811 (11th Cir. Jan. 27, 2020) (same).

   Conceding the outright falsities of his initial allegations, Plaintiff filed the FAC, removing all PRV allegations and pivoting to pleading an ATDS claim only. But that claim is based on wholly conclusory allegations that fail to satisfy Rule 12(b)(6), and those allegations are also false. Not only did Charter (the only named defendant) not call Plaintiff (its vendors did), but Plaintiff's allegations lack even a single factual inkling that Charter's vendors used an ATDS. That is unsurprising, as Charter has provided declarations establishing that the systems used to make the calls at issue were not ATDSs, as a matter of binding Ninth Circuit authority. Thus, Plaintiff lacks a good faith basis to

3

JOINT RULE 26(F) REPORT

proceed and the FAC is subject to a motion to dismiss, which Charter intends to file in short order.

Relatedly, Charter denies that certification of any putative class is appropriate in this case.

**2. Subject Matter Jurisdiction**

Plaintiff: This case is an alleged class action brought under the TCPA. As such, the Plaintiff contends that the Court has original jurisdiction under 28 U.S.C. § 1331. No issues exist as to personal jurisdiction or venue, and no parties remain to be served.

Plaintiff plainly satisfies Article III standing requirements. *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any *additional* harm beyond the one Congress has identified.") (citation omitted). Additionally, *Bristol-Myers*—a mass action—is of no relevance here. *See Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6920667, at *5 (C.D. Cal. Apr. 26, 2018) ("[T]he claims of unnamed members of a proposed class are not relevant to the determination of specific jurisdiction, only the claims of named plaintiffs. Thus, the personal jurisdiction analysis concerning named plaintiffs in a mass tort action is distinguishable from the personal jurisdiction analysis of unnamed members of a proposed nationwide class action.")

Defendant: Charter contests Plaintiff's Article III standing, and thus the Court's subject matter jurisdiction, insofar as Plaintiff did not suffer a "harm" that is fairly traceable to any violation of the law by Charter. As to personal

jurisdiction and venue, Charter does not contest either at this time, but reserves the right to do so if discovery reveals a basis for challenging the same. Along these lines, Charter specifically notes that, based in part on principles of personal jurisdiction, no nationwide class could be certified in California consistent with due process and the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco County*, 137 S. Ct. 1173 (2017).

### 3. Legal Issues

Plaintiff's Position:

1. Whether the equipment allegedly used by Defendant to make the alleged calls constitutes an ATDS under the TCPA.

2. Whether Defendant or its agent obtained prior express consent to make the alleged calls.

3. Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23.

Defendant's Position:

1. Whether Plaintiff has sufficiently pled a TCPA claim.

2. Whether Plaintiff has a good faith basis to proceed with his action.

3. Whether the TCPA is constitutional, which is currently being considered by the U.S. Supreme Court. *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 161 (4th Cir. 2019), *cert granted sub nom.*, *Barr v. Political Consultants*, -- S. Ct. --, 2020 WL 113070 (2020) (hereinafter, "*AAPC v. FCC*").

4. Whether Charter can be vicariously liable in this case, where it made no calls to Plaintiff.

5. Whether the systems at issue qualify as an ATDS even though they cannot dial numbers automatically.

5
JOINT RULE 26(F) REPORT

6. Whether Plaintiff provided consent to receive any purported calls.

7. Whether Plaintiff is an adequate class representative.

8. Whether Plaintiff's counsel can adequately represent the putative class.

9. Whether Plaintiff can meet the other requirements of Fed. R. Civ. P. 23 for his TCPA claim.

## 4. Motions

Plaintiff's Position

Plaintiff anticipates moving for class certification following class discovery and potentially moving for summary judgment in favor of himself and the class members. Discovery motions may also become necessary.

Defendant's Position:

Defendant intends to file a Motion to Dismiss and Alternatively, a Motion to Stay pending the U.S. Supreme Court's review of the TCPA's constitutionality in *AAPC v. FCC*, which will be decided this Term. Defendant may file additional motions, including a motion for summary judgment, depending on how the case proceeds.

## 5. Proposed Discovery Plan

*Plaintiff's Proposed Discovery Plan & Limitations on Same:*

Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any

remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Discovery is needed regarding certain threshold issues that will materially advance the case:

(1) The ability to identify other cellphone numbers that Defendant called where the telephone numbers (and consent to call) were obtained in the same manner as Plaintiff's;

(2) The dates and times Defendant (or its vendor) called such cellphone numbers;

(3) The identity of any vendor Defendant used to obtain lead information regarding the Plaintiff and the other class members, to obtain consent to call Plaintiff and the other class members and to actually make the calls at issue; and

(4) Information identifying Defendant's or its vendor's dialing equipment.

As can be further explained via formal briefing, Plaintiff opposes a stay. A lengthy indefinite stay will prejudice Plaintiff's ability to gather evidence and testimony necessary to prove his claims.

Plaintiff also opposes Defendant's proposal to bifurcate discovery. While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues (did Defendant's equipment qualify as an ATDS, did cellphone users provide prior express consent to be called, etc.) are so intertwined with the class issues that attempting to separate them would only lead to confusion, disagreement, and the need for Court supervision. *See Manual for Complex Litig.* § 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically….Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.")

7

JOINT RULE 26(F) REPORT

Indeed, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiff, but not Defendant, from moving for summary judgment prior to class certification. *Gessele v. Jack in the Box, Inc.,* No. C10–0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted).

In short, under Defendant's plan, Plaintiff would need to first clear the hurdle of proving he can beat summary judgment on his individual claim without any corresponding ability to seek summary judgment in his favor. Then, only after surviving summary judgment would Plaintiff be able to seek discovery related to class certification—which will take months to gather. As such, by front-loading Plaintiff's individual claim in this manner, the decision on class certification is postponed such that it is unlikely to be adjudicated "at an early practicable time," as contemplated by Rule 23(c)(1)(a).

<u>*Defendant's Proposed Discovery Plan & Limitations on Same*</u>:

As discussed above, Charter will be filing a Motion to Dismiss as Plaintiff's sole ATDS claim is conclusory and fails as a matter of law, on its face.  Charter anticipates that this Motion will be heard by March 2020.  As an alternative to the Motion to Dismiss (i.e., if the Court declines to grant it), Charter will be seeking a stay of this case based on the U.S. Supreme Court's pending review of the TCPA's constitutionality in *AAPC v. FCC*, which will be heard and decided this Term.  *See* 2020 WL 113070.  Specifically, and as relevant to this case, the Supreme Court will determine, by June of 2020, whether the entire automated-call restriction of the TCPA—which is now the only claim at issue in this case—violates the First Amendment, and if so, what the proper remedy is.  As Charter will explain in its forthcoming Motion, there is a substantial likelihood that the Supreme Court will invalidate the automated-call restriction, ending this case.  Proceeding with

8

JOINT RULE 26(F) REPORT

burdensome discovery in the absence of such binding authority would waste the resources of the Court and the parties and potentially result in any number of inconsistent rulings that will need to be corrected in light of the Supreme Court's decision. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) (holding that a stay can be warranted where the resolution of other litigation will likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved"); *Ganezer v. DirectBuy, Inc.*, 571 F.3d 846 (9th Cir. 2009) (remanding case with instructions to stay all proceedings pending U.S. Supreme Court decision).

Thus, Charter respectfully requests that the Court refrain from entering a scheduling order and stay this case pending a ruling on Charter's forthcoming Motions (motion to dismiss, and alternatively, stay), which should resolve this action in its entirety. Indeed, contrary to Plaintiff's statements above eluding to a "lengthy indefinite stay," Charter is not asking for such "indefinite" or "lengthy" relief. Rather, Charter is merely asking for a preliminary stay of approximately one month – so that its Motions may be heard. Moreover, *AAPC v. FCC* will be argued and heard by the Supreme Court this Term; hence, any additional stay after Charter's Motions are heard (assuming Plaintiff's claim is not fully disposed of) will also be limited.

Further, upon any stay being lifted, or if the Court denies both Charter's Motion to Dismiss and Motion to Stay, Charter proposes—detailed in its proposed schedule below—that the first 120 days of discovery be limited to the merits of Plaintiff's individual claim, after which Charter is permitted (but not required) to file an individual summary judgment motion, which will be decided before class discovery takes place.

A phased discovery schedule is equitable, efficient and appropriate here for several reasons. *First*, neither the Court nor the Parties will be prejudiced by a

phased schedule.  In fact, the opposite is true given the narrow threshold issues the Parties must address before proceeding with expensive class discovery, including whether Charter even placed the alleged calls and whether the systems used can even be considered an ATDS.  *Second*, the Court should phase discovery in the interests of proportionality and because Charter and third parties such as telecom providers and vendors (not Plaintiff) will bear the significant expense of class discovery.  Indeed, such significant expenses are unnecessary and inappropriate given the needs of the case where—even assuming Plaintiff is able to overcome the threshold issues discussed above—Charter's summary judgment motion as to Plaintiff's individual claim will dispose of this case in its entirety.  *Third*, a phased discovery will also obviate the need for the Parties to brief, and the Court to police, discovery disputes that will likely result from the overbroad discovery that Plaintiff serves on Charter.  Further still, such a schedule will not materially (if at all) impact the ultimate resolution of this case and will prove more efficient, as Plaintiff can neither prevail on his individual claim, nor represent the putative class if he cannot establish Charter used an ATDS to make the calls at issue.  In fact, in contrast to the prejudice Charter will face if forced to immediately proceed with class discovery (where Plaintiff will be seeking a broad set of calls as to the entire putative class across the nation, even though the calls at issue were lawful), Plaintiff will suffer no prejudice if Charter's proposal is adopted.

And contrary to Plaintiff's statements above, it is straightforward to delineate between individual discovery and class discovery—particularly in this case where the central issue is whether Charter's vendors (not Charter) used an ATDS—and courts routinely phase discovery in cases like this one.  *See, e.g.*, *Bauman v. Saxe*, No. 14-cv-01125, 2019 WL 157923, at *1 (D. Nev. Jan. 10, 2019) (bifurcation of discovery into merits discovery, then class discovery, in TCPA putative class action); *Leschinsky v. Inter-Continental Hotels Corp.*, No. 8:15-cv-

10

JOINT RULE 26(F) REPORT

1470, 2015 WL 6150888, at *1-2 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery in TCPA case and allowing either party to move for summary judgment following limited individual discovery phase); *Physicians Healthsource, Inc. v. Janssen Pham., Inc.*, No. 12-2132, 2014 WL 413534, at *5 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate discovery in TCPA case to "promote the efficient resolution of th[e] matter" and "allow the Court to address a narrow, potentially dispositive issue" raised by defendant "in a timely and cost[-]effective manner with no significant prejudice to [p]laintiff").[1]

Assuming *arguendo* that Plaintiff's TCPA claim survives Charter's Motion to Dismiss and is not invalidated wholesale by the Supreme Court, Charter anticipates seeking discovery on the following matters: (1) whether Charter can be held vicariously liable for the calls referenced in Plaintiff's FAC; (2) whether all of the calls referenced in the FAC can be attributed to Charter; (3) correspondence between Plaintiff and Charter and/or any alleged vendor(s); and (4) testimony, electronic data records, and third-party records relevant to the facts and defenses in this case, including the functionality of the calling system(s) used.

---

[1] Plaintiff also references the one-way intervention rule, which is of no moment. That rule exists because it is unfair to allow members of a putative class to benefit from a favorable decision without subjecting themselves to the binding effect of an unfavorable one. On the other hand, procedurally, a defendant may always move for summary judgment at any time (including prior to a class being certified) because a class trial cannot occur if the named plaintiff has no claim. Also, Plaintiff mentions that postponing the certification deadline will not meet the standards of Rule 23(c)(1)(a) to have a decision "at an early practicable time." Not only is Charter's recommended strategy efficient and practicable, Plaintiff himself requested (and received) a lengthy extension to the certification deadline so that a more appropriate schedule may be entered that is "tailored to this case." *See* D.E. 19 ¶ 6.

__. **Additional Parties**

Plaintiff: Plaintiff does not anticipate adding any parties at this time, but reserves his right to do so following sufficient discovery.

Defendant: Charter does not anticipate adding any parties at this time, but reserves its right to do so.

**6. Alternative Dispute Resolution (ADR)**

Pursuant to the Court's Notice to Parties of Court-Directed ADR Program, the Parties believe the case is best suited for mediation with a neutral from the Court Mediation Panel. The proposed deadline for the ADR proceedings is discussed below, with the Parties' proposed pre-trial scheduling.

**7. Trial Estimate**

Plaintiff has demanded a jury trial and does not anticipate trial lasting more than 5 days. Defendant generally agrees with that estimate, though if a class were certified Defendant contends trial could take far longer, given its due process right to challenge the claims of class members.

**8. Proposed Pretrial Schedule**

*Plaintiff's Proposed Schedule*

As stated above, Plaintiff's position is that discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this ten (10) month period the Parties would brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a

period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Plaintiff proposes the following schedule:

| Matter | Plaintiff's Proposal |
|---|---|
| Deadline to Serve Initial Disclosures | February 10, 2020 |
| Deadline to Amend Pleadings | Plaintiff's request: 120 days following commencement of discovery regarding class related issues |
| Deadline to Complete Fact Discovery and ADR Deadline | September 10, 2020 (or 8 months from the lifting of any stay) |
| Deadline to Complete Expert Discovery | November 10, 2020 (or 10 months from the lifting of any stay) |
| Deadline for Plaintiff to Move for Class Certification | December 10, 2020 (or 11 months from the lifting of any stay) |
| Proposed Hearing Date on Motion for Class Certification and Status Conference re any remaining discovery, dispositive motions, Pre-Trial and Trial Scheduling | January 18, 2021 (or approximately 12 months from the lifting of any stay) |

*Defendant's Proposed Schedule*

As discussed above, Charter requests that the Court stay discovery pending resolution of Charter's forthcoming Motion to Dismiss (and alternatively, Motion to Stay). In the event the Court declines to stay discovery during the pendency of Charter's Motions, Charter respectfully requests the Court enter the below phased schedule:

13

JOINT RULE 26(F) REPORT

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Initial Disclosures | February 10, 2020 |
| Deadline to Amend Pleadings, except Charter may assert counterclaims when it answers, to the extent the Court does not grant its motion to dismiss (or alternatively, stay). | March 6, 2020 |
| End of Initial Discovery Period on Plaintiff's Individual Claims, After Which Charter is Permitted to File an Individual Summary Judgment Motion | June 9, 2020 |
| ADR Deadline* | August 21, 2020 |
| Opening of Class Discovery | After the Court Rules on Charter's Individual Summary Judgment Motion |
| Fact Discovery Deadline | December 18, 2020 |
| Deadline to Submit Affirmative Expert Reports | January 17, 2021 |
| Deadline to Submit Rebuttal Expert Reports | Submitted 45 days after the Plaintiff's report. |

| EVENT | DEFENDANT'S PROPOSAL |
|---|---|
| Expert Discovery Deadline | March 18, 2021 |
| Class Certification Motion Deadline | April 1, 2021 |
| Defendant's Opposition to Class Certification Motion | 45 days after filing of Class Certification Motion |
| Plaintiff's Reply to Class Certification Motion | 21 days after the Defendant's opposition is filed. |
| Summary Judgment Deadline | 60 days after the Court's ruling on class certification, or, if a class is certified, 15 days after the opt-out period closes.  Defendant may also file an early summary judgement on Plaintiff's individual claims. |
| Pretrial Conference | TBD |
| Trial | TBD |

\*In the alternative, the Court may enter a scheduling order up to the ADR Deadline and the Parties can propose further scheduling after the Court rules on Charter's summary judgment motion.  That is, Charter intends to file a summary judgment motion against Plaintiff's individual claim, and, to the extent Plaintiff's claim survives, the Parties can confer and submit additional pretrial deadlines for

the Court's consideration at that time.

January 30, 2020

By: /s/ Patrick H. Peluso

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H Peluso *
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
Telephone: 720-213-0675
Facsimile: 303-927-0809

**Counsel for Plaintiff and the alleged Class**

*pro hac vice*

By: /s/ Kristapor Vartanian

**Counsel for Defendant Charter Communications, Inc.**

16

JOINT RULE 26(F) REPORT

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 30th day of January, 2020 to all counsel of record.

/s/ Patrick H. Peluso

JOINT RULE 26(F) REPORT