1  Ryan D. Watstein (admitted *pro hac vice*)
   rwatstein@kcozlaw.com
2  Kristapor Vartanian (SBN 275378)
   kvartanian@kcozlaw.com
3  **KABAT CHAPMAN & OZMER LLP**
4  333 S. Grand Avenue, Suite 2225
5  Los Angeles, CA 90071
   Telephone: (213) 493-3980
6  Facsimile: (404) 400-7333

7  *Counsel for Defendant Charter Communications, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD NAKAI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM,<br><br>Defendant. | Case No.: 2:19-cv-08035-GW-SS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND/OR HIS COUNSEL UNDER FRCP 11 AND 28 U.S.C. § 1927; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*Declaration of Kristapor Vartanian and Notice of Manual Filing or Lodging filed, and proposed order lodged, concurrently*]<br><br>Hearing<br>Date:        April 16, 2020<br>Time:       8:30 a.m.<br>Ctrm:       9D (9th Floor)<br>               350 West 1st Street<br>               Los Angeles, CA 90012<br><br>Hon. Judge George H. Wu<br><br>Am. Compl. Filed: January 23, 2020<br><br>Trial Date: No Trial Date Set |

# NOTICE OF MOTION AND MOTION FOR SANCTIONS

**TO THE COURT AND TO ALL PARTIES OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on April 16, 2020 at 8:30 a.m., in Courtroom 9D (9th Floor) of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Defendant Charter Communications, Inc. ("Charter") will, and hereby does, move the Court for an Order sanctioning Plaintiff and/or his counsel under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority for filing a frivolous claim without sufficient investigation and then continuing to litigate such a claim in the absence of a good-faith basis to proceed.[1] The sanctions Charter seeks include its reasonable attorneys' fees and costs.

In short, Plaintiff and counsel filed an initial Class Action Complaint—alleging Charter violated the Telephone Consumer Protection Act ("TCPA")—without conducting *any* investigation and despite there being no factual basis for such a claim. Charter requested Plaintiff dismiss his lawsuit and provided Plaintiff's counsel documentation and binding legal authority conclusively establishing that Plaintiff's allegations were false and foreclosed by law.

Despite there being no good-faith basis for continuing to litigate his TCPA claim, Plaintiff filed a First Amended Class Action Complaint, confirming the outright falsity of his initial pleading. Therein, Plaintiff attempted to alter his case theory to plead a new claim that he not only had no factual or legal basis for, but that he knew was meritless as a matter of binding authority based on evidence Charter had provided. Plaintiff's outright false initial pleading and continued litigation of his factually baseless TCPA claim warrants the requested sanctions.

---

[1] Charter complied with Rule 11(c)(2) of the Federal Rules of Civil Procedure by waiting 21 days after service of this motion before filing it.

This Motion is based upon this Notice of Motion and Motion for Sanctions, the Memorandum of Points and Authorities in support of same, the Declarations filed concurrently herewith, the Notice of Manual Filing or Lodging, the complete file and record in this action, and such further and other matters as the Court may allow.

Dated: March 19, 2020

                                             **KABAT CHAPMAN & OZMER LLP**
                                             By: */s/ Kristapor Vartanian*
                                                     Kristapor Vartanian
                                                     *Attorney for Defendant Charter Communications, Inc.*

## TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES ................................................................1
I. INTRODUCTION ...............................................................................................1
II. FACTUAL BACKGROUND ..............................................................................1
III. ARGUMENT .......................................................................................................4
   A. Legal Standard.........................................................................................4
   B. The Court Should Impose Sanctions Here Because Plaintiff and His Counsel Filed and Continue to Litigate a Meritless Class Action in Bad Faith...................5
IV. CONCLUSION ...................................................................................................7

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

It is not illegal to make phone calls. Rather, the Telephone Consumer Protection Act ("TCPA"), in relevant part, prohibits calls made with an "automatic telephone dialing system" ("ATDS") or "artificial or prerecorded voice" ("PRV") absent prior consent from the called party. *See* 47 U.S.C. § 227(b)(1)(a). Plaintiff knowingly premised his TCPA lawsuit against Charter Communications, Inc. ("Charter") on the false allegation that Charter used PRV on a call without his prior consent. Plaintiff's counsel, in turn, failed to do any pre-suit investigation, which would have revealed Plaintiff's fabrication.

Charter responded by providing Plaintiff with a call recording, sworn testimony from the two vendors who made the alleged calls, and binding case law establishing that: (1) no PRV played on any call to Plaintiff, and, in fact, Plaintiff spoke with a *live representative*; and (2) the vendors' calling systems were not ATDSs. After Plaintiff's counsel was confronted with evidence of his client's deception, he filed a First Amended Complaint ("FAC"), deleting the PRV claim. But, as explained herein, Plaintiff asserted (an effectively new) ATDS claim in his FAC, despite knowing that such a claim is foreclosed by binding authority.

Charter now moves for an order sanctioning Plaintiff and his counsel under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power for continuing to litigate a factually and legally baseless claim. Indeed, if this conduct is allowed to stand, anyone can file suit against any person in federal court for any telephone call, even where they know their claims lack merit, with no repercussions. That is not the law.

## II. FACTUAL BACKGROUND

On September 17, 2019, Plaintiff filed his initial Class Action Complaint, ("Complaint") alleging Charter called him using an "avatar" pre-recorded message from a "voice-activated" representative named "Michelle." D.E. 1 ¶¶ 22-23. Plaintiff alleged that, during the call, he asked "Michelle" for her email, a callback

number, and her last name, but "she" refused his requests. *Id.* ¶ 24. Further, Plaintiff alleged he received, but did not answer, other calls from Charter before and after the PRV call. *Id.* ¶¶ 20-21, 25. Based on that, Plaintiff proposed a class of persons that Charter called "using the same pre-recorded voice technology." *Id.* ¶ 30. Plaintiff also nominally alleged Charter made these calls using an ATDS. *Id.* ¶ 40. Plaintiff did not allege *why* he believed Charter used an ATDS; instead, he merely parroted the TCPA's statutory definition. *Id.* at ¶¶ 19-29, 40.

After investigating Plaintiff's allegations, Charter sent Plaintiff and counsel a letter demanding Plaintiff dismiss his Complaint for two reasons. *First*, the alleged PRV call was recorded, and the recording conclusively established Plaintiff spoke with a live representative named "Michelle," not a computer bot as Plaintiff had falsely alleged. Exh. A to Vartanian Decl. at 1. In fact, the recording showed Plaintiff asked Michelle a series of questions, had a live conversation with her, and even requested a call back. Exh. D to Vartanian Decl. *Second*, Charter explained that its vendors made the alleged calls using systems that could not dial numbers automatically—each required a live agent to manually initiate each call. *Id.* That, Charter explained, foreclosed their classification as automatic dialers under the TCPA and Ninth Circuit's definitions of ATDS.[2] *Id.* at 1-2.

In support of its demand, Charter enclosed both the call recording[3] and declarations of the vendors that made the calls. Tony Ridenour—Communications

---

[2] The TCPA defines an ATDS as "equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *See* 47 U.S.C. § 227(a)(1). In *Marks v. Crunch San Diego, LLC*, the Ninth Circuit defined an ATDS as "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically." 904 F.3d 1041, 1053 (9th Cir. 2018).

[3] A copy of the call recording is included in this filing. Exh. D to Vartanian Decl.

2
DEF.'S MEMO. OF P&A ISO MOT. FOR SANCTIONS; MEMO. OF P&A – NO. 2:19-cv-08035-GW-SS

Solutions, LLC's Vice President—attested that Communications Solutions called Plaintiff's phone number on several occasions in July 2019, but never reached anyone. Exh. B to Vartanian Decl. at 1. Communications Solutions, however, did not place any of these calls automatically or with a system that plays PRV. *Id*. Rather, a live person made these calls and all interactions on the calls would have been between a live agent and Plaintiff, had he answered. *Id*. at 1-2. Indeed, Communications Solutions' call system does not even have the ability to dial multiple numbers at the same time, and it is incapable of storing numbers and dialing them automatically from a list. *Id*. These limitations are inherent in Communications Solutions' call system and existed when it made the calls to Plaintiff. *Id*. at 2.

Similarly, Thomas L. Cardella himself attested that vendor Thomas L. Cardella & Associates called Plaintiff on several occasions in July 2019, including on the date of the alleged PRV call. Exh. C to Vartanian Decl. at 1. A human agent individually initiated these calls and all interactions were between that live agent and Plaintiff. *Id*. Moreover, like Communications Solutions, Thomas L. Cardella & Associates' calling system lacked the ability to dial multiple numbers at the same time, was incapable of storing numbers and dialing them automatically from a list, and these limitations existed when it made the calls to Plaintiff. *Id*. at 1-2.

Faced with the undeniable falsity of his initial allegations, Plaintiff then amended his complaint, removing his PRV allegations and conceding he received a telephone call from a *live* representative named "Michelle." *See* D.E. 22. But instead of dismissing this action entirely, Plaintiff changed his story, now staking his entire case on an ATDS claim—notwithstanding Charter's provision of declarations establishing that the calls at issue were not made with an ATDS. *Id*. ¶¶ 22-23. Unsurprisingly, Plaintiff alleges no facts in support of this new theory, which is based solely on the legal conclusion that Charter "utilized an [ATDS]" to make the purported calls. *Id*. ¶¶ 17, 39-40. Under this Court's own authority, these

facts mandate dismissal. *Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274, 2014 WL 12614468, at *2 (C.D. Cal. July 31, 2014) (Wu, J.) (dismissing TCPA claim where plaintiff regurgitated definition of ATDS, rather than pleading specific facts suggesting ATDS was used). As such, Charter immediately moved to dismiss the FAC under Rule 12(b)(6). D.E. 27.

Charter also emailed Plaintiff's counsel and asked for his good-faith basis for his ATDS claim, but counsel did not respond. Exh. E to Vartanian Decl. at 1. Thus, Charter had no choice but to file this motion, lest it be forced to bear the expense of defending a class action that is not only unsupported by any factual allegations, but foreclosed by binding Ninth Circuit authority.[4]

### III.  ARGUMENT

#### A.  Legal Standard

Federal Rule of Civil Procedure 11 "provides that by filing a pleading or other paper, 'an attorney . . . certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' the paper complies with Rule 11's requirements." *See Homeland Housewares, LLC v. Sorensen Rsch. and Dev. Trust*, No. 11-3720, 2013 WL 12138604, at *1 (C.D. Cal. Mar. 25, 2013) (quoting Fed. R. Civ. P. 11(b)) (Wu, J.). And "Rule 11 permits sanctions if a filing is being presented for an improper purpose (*e.g.*, harassment, unnecessary delay, increasing litigation costs), is factually misleading, or is legally frivolous." *Wolinski v. Lewis*, No. 2:17-cv-0583, 2018 WL 4488471, at *4 (E.D. Cal. Sept. 19, 2018).

Where, as here, the Rule 11 motion concerns a complaint, a district court must determine: (1) whether the complaint is objectively legally or factually baseless; and (2) if the attorney has conducted a reasonable and competent inquiry

---

[4] Charter served Plaintiff a copy of the instant motion and then waited twenty-one (21) days before filing it. Vartanian Decl. at ¶ 10.

before signing and filing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). "As shorthand for this test, [the Court] use[s] the word 'frivolous' 'to denote a filing that is both baseless and made without a reasonable and competent inquiry.'" *Id.* (quoting *In Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)).

28 U.S.C. § 1927 likewise prohibits an attorney from multiplying proceedings by "recklessly or intentionally" raising a "frivolous argument." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010). And, under its own inherent power, "a court may impose sanctions where . . . a party has acted in bad faith, vexatiously, or for oppressive reasons." *Aardwolf Industries, LLC v. Abaco Machines USA, Inc.*, No. 16-01968, 2017 WL 6888492, at *1 (C.D. Cal. July 28, 2017) (citation omitted).

These rules apply with even greater force when a party fails to voluntarily dismiss an action after learning it was frivolous. *See, e.g.*, *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005) (affirming sanctions award, including fees, where plaintiff's attorney "prolonged the inevitable at a cost to [defendant] by refusing to voluntarily dismiss the [frivolous] count and forcing [defendant] to pursue a dispositive motion in order to have the claim dismiss[ed]."); *Goel v. Coal. Am. Holding Co.*, No. 11-02349, 2013 WL 12122302, at *7 (C.D. Cal. Feb. 26, 2013) (awarding sanctions where plaintiff "refused to dismiss" and "continued to allege this frivolous claim.").

**B.  The Court Should Impose Sanctions Here Because Plaintiff and His Counsel Filed and Continue to Litigate a Meritless Class Action in Bad Faith.**

Plaintiff filed this case without *any* objective factual basis. In fact, Plaintiff *knew* Charter did not utilize a PRV—listening to the recording of Plaintiff's conversation with "Michelle" just one time makes this clear. Exh. D to Vartanian Decl. Yet, Plaintiff's story about a PRV being played formed the entire basis of

Plaintiff's TCPA lawsuit, which sought certification of a nationwide PRV class. D.E. 1 ¶ 30. And Plaintiff's counsel simply took his client's "facts" at face value and guessed Charter committed TCPA violations. Indeed, counsel did not even send a demand letter to Charter before filing a nationwide class action, or asking if there was a recording of the call that would verify his client's far-fetched allegations about Charter's use of an automated, interactive "bot" named "Michelle." Counsel's post-filing actions—filing an amended complaint to conform to Charter's evidence—confirm this lack of investigation. *See*, *e.g.*, *Holgate v. Levinson*, 425 F.3d 671, 677 (9th Cir. 2005) (finding that subsequent counsel's recommendation to voluntarily dismiss "suggest[ed] that [original counsel] did not conduct a reasonable inquiry before filing the complaint"); *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (upholding Rule 11 sanctions and finding that plaintiff's discovery inquiries demonstrated complaint was not filed in good-faith).

Further, rather than dismissing the case outright as they should have, Plaintiff and his counsel filed the FAC. As noted above, that FAC contains no factual allegations whatsoever and thus must be dismissed based on this Court's authority. *Makaron*, 2014 WL 12614468, at *2. More importantly for purposes of this Motion, the conclusory ATDS allegation on which the FAC is wholly based is foreclosed by the declarations Charter previously provided. As those declarations make clear, the systems used to place the calls at issue required that each called be dialed manually, one by one, meaning they cannot be ATDSs, under binding Ninth Circuit authority. *Marks*, 904 F.3d at 1052 (holding an ATDS must be able to "dial such numbers automatically"); *see also Ammons v. Diversified Adjustment Serv. Inc.*, No. 2:18-CV-06489, 2019 WL 5064840, at *5 (C.D. Cal. Oct. 9, 2019) (applying *Marks* and holding that a click-to-dial system is not considered an ATDS under *Marks* because it "goes far beyond merely triggering a system to run automatically. It requires human interaction to initiate each call.").

Given Plaintiff's admittedly false initial allegations, his counsel's lack of investigation, and their subsequent filing of a FAC that is foreclosed by binding authority, the Court should impose sanctions. *See*, *e.g.*, *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) ("Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry.") (citation omitted); *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997) (affirming Rule 11 sanctions where attorney "continued insisting upon a position after it was no longer tenable."); *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1025 (5th Cir. 1994) (same); Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 585 (1993) (Rule 11 "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . .").

## IV. CONCLUSION

Charter understands the gravity of the relief sought herein. But the conduct at issue here is beyond the pale and warrants sanctions. Accordingly, under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority, Charter respectfully requests that the Court award it: (a) reasonable attorneys' fees and costs incurred in responding to Plaintiff's frivolous claim; (b) reasonable attorneys' fees and costs incurred in preparing this motion for sanctions; and (c) any other and further awards the Court deems sufficient to deter this type of conduct from occurring in the future.

Dated: March 19, 2020

**KABAT CHAPMAN & OZMER LLP**

By: /*s/ Kristapor Vartanian*
    Kristapor Vartanian
    *Attorney for Defendant Charter Communications, Inc.*

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

I am employed in Los Angeles, California; I am over the age of 18 and not a party to the within action; my business address is 333 S. Grand Avenue, Suite 2225, Los Angeles, CA 90071.

On March 19, 2020, I served the foregoing document(s) **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF AND/OR HIS COUNSEL UNDER FRCP 11 AND 28 U.S.C. § 1927; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF KRISTAPOR VARTANIAN IN SUPPORT OF DEFENDANT CHARTER COMMUNICATION, INC.'s MOTION FOR SANCTIONS; and [PROPOSED] ORDER GRANTING DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR SANCTIONS** on the interested parties to this action by personally serving copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 19, 2020, at Los Angeles, California.

/s/ Kristapor Vartanian
_____
Kristapor Vartanian

| | |
|---|---|
| 1 | |
| 2 | **SERVICE LIST** |
| 3 | Aaron D. Aftergood |
| 4 | **The Aftergood Law Firm**<br>1880 Century Park East, Suite 200 |
| 5 | Los Angeles, CA 90067 |
| 6 | Telephone: 310-551-5221<br>Facsimile: 310-496-2840 |
| 7 | aaron@aftergoodesq.com |
| 8 | |
| 9 | Patrick H. Peluso<br>ppeluso@woodrowpeluso.com |
| 10 | Steven L. Woodrow<br>swoodrow@woodrowpeluso.com |
| 11 | **Woodrow & Peluso** |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |